**Junior Walker MILLS, Plaintiff—Appellant,**

v.

**William CURRY; Tim Howard,***
**Defendants—Appellees.**

**No. 04–15079.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

Junior Walker Mills, Carson, NV, pro se.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM ***

Junior Walker Mills, a Nevada state prisoner, appeals pro se the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that the prison allowed other prisoners to withdraw money from his prison account by fraud and/or forgery. We have juris-

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

diction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal pursuant to 28 U.S.C. § 1915(e). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998). We affirm.

The district court properly found that Mills's complaint was most appropriately considered as a second amended complaint in a previously filed case against the same defendants (CV–N–01–0476–DWH(VPC)) and that the complaint did not cure the defects in Mills's prior complaints. Consequently, the district court properly dismissed Mills's complaint for failure to state a claim. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that to show an Eighth Amendment violation, a prisoner must show that prison officials had a "sufficiently culpable state of mind") (citations omitted); *Brower v. County of Inyo,* 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (holding that to show a Fourth Amendment violation, a prisoner must show "an intentional acquisition of physical control"); *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding that deprivation of property results in no violation of due process if a plaintiff has meaningful post-deprivation remedies).

Mills's remaining contentions lack merit.

Mills's outstanding motions are denied.

**AFFIRMED.**